# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                              **CASE NO.: 3:10cr101/MCR**

**DENNIS M. CARONI, GERARD M. DILEO, and JOSEPH GEORGE PASTOREK, II**

_____/

## ORDER

A pretrial conference was held in this matter on September 16, 2011. Present for the government were Randall Hensel, its counsel, and John Johnson, a special agent with the United States Drug Enforcement Agency. Edward Shohat[1] and Warren Zinn appeared on behalf of defendant Dennis Caroni; Guy Womack appeared on behalf of defendant Gerard Dileo; and Thomas Keith appeared on behalf of defendant Joseph Pastorek. Defendants Dennis Caroni and Joseph Pastorek also were present.[2] The following matters were discussed and agreed upon:

1.      Twelve (12) jurors will be selected for trial beginning with jury selection on October 17, 2011. Counsel shall meet with the Court at 8:00 AM and jury selection shall proceed at 9:00 AM, or as soon thereafter as practicable.

2.      The defense tables in the courtroom will be configured to accommodate the five attorneys and three defendants in this case. Counsel for the defendants shall notify the court of the order in which they will proceed at trial no later than one week prior to trial, and counsel and their clients shall seat themselves at the defense tables accordingly.

---

[1] Mr. Shohat participated in the pretrial conference by telephone.

[2] Defendant Gerard Dileo waived appearance at the pretrial conference. (*See* doc. 327).

3. The government will have six (6) pre-emptory challenges. The defendants will have ten (10) pre-emptory challenges to be used by all of the defendants as they and their counsel deem appropriate. In the event defense counsel determine that defendants will share the ten (10) pre-emptory challenges, there should be one spokesperson for the defense during jury selection. In the event defense counsel decide to allocate the pre-emptory challenges among them, each counsel will be permitted to participate in jury selection accordingly.

4. Four (4) alternate jurors will be selected.

5. The government will have two (2) pre-emptory challenges for alternate jurors; the defendants will have two (2) pre-emptory challenges among them.

6. The parties are to submit a proposed written supplement to the questionnaire that has been provided to the jury panel with questions regarding panel members' experience with pain management clinics by no later than Friday, September 23, 2011.

7. Counsel shall submit any proposed voir dire questions they would like asked by the court no later than three (3) business days prior to trial, with a copy provided to opposing counsel.

8. Counsel shall file their initial proposed jury instructions and proposed verdict forms no later than three (3) business days prior to trial. Where a proposed instruction follows the Eleventh Circuit Pattern Instructions, counsel need not recite the full instruction but rather may simply reference its number. Where a modification is proposed, counsel should set out the proposed instruction in full.

9. Any special request for court reporter services, such as daily copy, must be submitted to the court reporter no later than two weeks prior to trial.

10. Jurors will be permitted to take notes during the trial.

11. Counsel shall file their respective witness lists one week before trial, or by Tuesday, October 11, 2011. The government shall indicate which of its witnesses are patients and provide the defendants with copies of those patients' files. During the course of the trial, counsel shall notify all other counsel of the next day's witnesses at the close of each trial day.

12.     Trial schedule will be Monday through Friday, 8:30 AM to 5:30 PM, with one twenty (20) minute break in the morning and one twenty (20) minute break in the afternoon. Lunch typically will be one (1) hour.  Counsel will meet with the court at the start of each trial day at 8:00 AM.

13.     Opening statements will begin following jury selection on Monday, October, 17, 2011, time permitting.  Otherwise, opening statements will begin at 8:30 AM, Tuesday, October 18, 2011.  Testimony will begin on Wednesday, October 19, 2011, at 8:30 AM.

14.     The trial schedule will be modified as necessary to accommodate other matters on the court's docket.  Modifications known at this time are as follows:

    a.  Trial will recess early at 12:30 PM on Tuesday, October 18, 2011, without a lunch break;

    b.  Trial *will NOT* be conducted on Friday, November 11, 2011;

    c.  Trial will recess early at 12:30 PM on Tuesday, November 15, 2011, without a lunch break; and

    d.  Trial *may NOT* be conducted on Friday, November 18, 2011.

The parties should expect additional trial schedule modifications due to other matters before the court.

15.     To the extent that security and other concerns permit, for the duration of trial, the two witness/conference rooms on the north side of the fifth floor lobby shall be available for the separate use and convenience of the government and defense counsel and their clients who are not detained.  An additional witness/conference room on the north side of the fourth floor lobby also shall be made available to defense counsel.

16.     All exhibits should be pre-marked and submitted to the courtroom deputy one day prior to trial.

17.     Demonstrative aids must be shown to opposing counsel prior to trial and any objections must be promptly filed with the court.

18.     Counsel shall be permitted to have laptop computers in the court room, provided the computers and their use do not disturb the proceedings.  Access to the

internet is not permitted in the courtroom, and counsel are not permitted to have printers in the courtroom.

19. Counsel and their clients, if not detained, shall be permitted to bring cell phones into the courthouse; investigators, paralegals, staff members, etc., are *not* permitted to bring cell phones into the courthouse. Cell phones may be used only within the witness rooms provided by the court for the convenience of counsel and shall not be brought into the courtroom. A single violation of this rule by any attorney or defendant shall result in the confiscation for the remainder of the trial of the offending cell phone and the rescission of that individual's ability to bring cell phones into the courthouse for the duration of the trial.

20. No eating (which includes the use of lozenges or gum) or drinking at any time is permitted in the courtroom. Counsel should advise their witnesses and any other persons expected to be present in the courtroom on counsel's behalf that they must observe this rule strictly.

21. Only the defendants and their counsel shall be permitted to sit at counsel table.

22. Caroni's omnibus motion *in limine* (doc. 242) regarding a DVD submitted by the government containing images of Justin Naquin is GRANTED; the government, however, will be allowed to introduce photos of Naquin.

23. The court will defer ruling on Caroni's omnibus motion *in limine* (doc. 242) regarding evidence of his prior drug use and will rule on the motion after it hears a proffer from the government at trial of the evidence it intends to present in that regard.

24. The defendants' Emergency Joint Motion to Prohibit the Government from Denying Defendants' Counsel Access to the Discovery Prior to the Trial (doc. 325) is GRANTED and the government shall make all discovery materials reasonably available to the defendants, according to the availability of counsel for the government and the government's agents, until Friday, September 23, 2011, at 5:00 PM.

25. Caroni's Motion for Early Disclosure of Patient Witnesses (doc. 326) is GRANTED. As stated above, all parties shall file their witness lists one week prior to trial

and the government shall indicate which of its witnesses are patients and provide the defendants with copies of those patients' files.

26.     Counsel for the government called to the court's attention the fact that it put counsel for Dileo on notice that it intends to introduce evidence of findings of a Louisiana medical malpractice review board regarding Dileo's treatment of a patient who died of a drug overdose and whose death serves, in part, as the basis of the death enhancement in the indictment. The parties agreed that the matter before the medical malpractice review board is encompassed in the defendants' previously filed and currently pending motions *in limine* regarding matters before the Louisiana State Board of Medical Examiners, which are currently under review by the court.

**DONE and ORDERED** this 22nd day of September, 2011.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No.:  3:10cr101/MCR